7185, I'm sorry, next matter number 171820, United States versus Jean Carlos Medina-Flores. Mr. Armenteros, good morning. Good morning, Your Honor. May I please the court? Mr. Armenteros, good morning, on behalf of Mr. Jean Carlos Medina-Flores. There's a few things, a few facts that I want to just lay the foundation for during our discussion. The first one is that this was a revocation of supervised release, that the guideline range here was from 8 to 14 months, that the final sentence was 48 months, that the government did not present any evidence whatsoever. And this is important because I believe the record is void of any enhancement during the course of these proceedings. Counsel, did you have the feeling in listening to the argument in the first case that you were getting a preview of what you were going to be arguing here? Not at all. Not at all? Not at all, Your Honor. Really? Okay. Because the issue is I, and this was something that I was thinking about as I was hearing the previous arguments besides me, and it was a matter of the video and the intrinsic evidence brought. And in fact, I saw myself getting into a trap, and I say I see because I was counsel during that hearing. And why? Because if the judge starts discussing the facts of this new case, and I believe that the jurisprudence didn't support that, particularly going into discovery, because our understanding is that, yes, you can discuss with the probation officers, oh, he has a new case, and perhaps go into the allegations. But what I have a problem, what I believe everybody should have a problem, is to make the revocation hearing a trial of this new offense. And by asking to get into mitigating circumstances of this new offense and not to a severity of that violation, I believe I'm making a trial out of the revocation hearing for something which I was not prepared. And if you're going to make... Counsel, excuse me. I thought, as in the first case, I thought the heart of your argument was that when pushed for an explanation of the sentencing decision here, the judge referred to material, and there was no indication in the record where this information was coming from. The video in particular, the motion for probation revocation just discusses the new criminal conduct in the barest of ways. It doesn't go into any of the circumstances of the offense. So I thought you were objecting to the fact that the judge was looking at the video, talking about details that he saw in the video, which made it a very threatening circumstance to a cashier, perhaps to somebody who was just an observer. I mean, all of that factored into the judge's decision. And you said, basically you're saying, where does that come from? Nobody told us that that was going to factor into the judge's decision. Isn't that the heart of your argument? That's part of our argument. That's part of our argument. And we believe that that was derived precisely because of the judge's state of mind, which are the factors which the prosecution has tried to dismiss. But to us, they go directly to prove the judge's state of mind. What I'm trying to say is the following. While you can take the seriousness of the offense, and I believe that that's fair game, and that's what the jurisprudence has already established, that the judge go and discuss with the probation officer. However, I don't think it's fair game to enter into the discussion of the discovery of that new case and what the agents portrayed, because we haven't had an opportunity to present the evidence. And we don't want to get into that trial. I believe that what the guidance established is precisely, listen, you're going to go into the seriousness of the offense, but what is the seriousness of the offense here? This is a federal imposition. We cannot go beyond that. The rest is sheer speculation. And shall we break our Fifth Amendment in order to defend ourselves from an impending trial? It doesn't really make sense to that extent. And that's why I think that the jurisprudence is what it is, to the extent that you should not go into issues, and if you're going to go into those issues, then there should be prior announcement that you're going to go so that we can be duly prepared. In this particular case, it is true. We knew all the evidence since we were defending, and we had examined it, but we're not prepared to discuss that evidence of that hearing in particular because we deemed it not relevant for that hearing. What we deemed relevant was the extent of that violation. How many times did he have violated supervised release in order to give credits to the guideline, which specifically says that you should not take into account the new conduct. And then besides, if you're going and taking into account the new conduct, then there will be a trial during the revocation hearing. And we go directly to the argument of the prosecutor or the government that we should have indeed presented mitigated circumstances to that extent. You're discussing the new trial. It goes directly to my Fifth Amendment right to stay silent. This goes directly. Are you pretending that I disclose and that I bring evidence during this revocation hearing for the new alleged conduct? Our response is obviously not. And our response is that what the court should consider is what's on the record. And here on the record, there was nothing. And I wanted to argue to your honors the following. The prosecution, if the prosecution, one thing is that the government never, never asked for an enhancement beyond the 14 months of the guidance. And I think that's important. And they had their evidence in the court. They had a probation officer for which if they had gone and asked the probation officer for an enhancement, and they would have gone into that, perhaps we'll be in a very different situation now. They also had the police officer in the courtroom, which was the issue of the judge congratulating the police officer, which just touching a little bit out of order, but I believe that that just goes directly to the integrity of the proceedings, if this is an adversarial proceeding. Counsel, this is what the judge says, something like this. From what I saw and what I have been explained by the probation officer, there was another individual also outside of the station. He also praised the officer for risking his life by protecting the female cashier. I mean, those, none of those details were a surprise to you. You knew. Well, yes, they were, because they were the way that they were interpreted by the judge. Okay. I saw the video, and there was at no time no risk to the cashier. So, I mean, these are issues that we needed to dispute. And, for example, the third individual is nowhere to be seen on the video. Those were issues that were brought in by the allegations of the affidavit. So, you only learned of the importance of all these details to the judge after he had pronounced the sentence. You then – Oh, his interpretation. Excuse me. You object to the sentence. You ask the judge, in effect, to explain his sentence more thoroughly, and then he refers to all these details. Is that sort of the sequence of what happened here? Yes, Your Honor. I'm sorry to interrupt you, first of all. No, no, that's fine. But is that a fair summary of the sequence? Yes, that's a fair summary of the sequence, Your Honor. So, at this point, I gather you would say, given an opportunity, you would dispute some of these characterizations of what was going on. Is that correct? Well, Your Honor, it depends. Because if I know that the judge committed a mistake by going to those characterizations, why should I fall into the trap of the district court and then make it legitimate what I believe in the first place the judge should not have done, which is go into the merits of this new case? And I believe that what I would have done would be open the door. The answer is because we've said you've got to object. I'm sorry? The answer to your question is because we've said you've got to object. Why would you object? Because we've said you've got to object. No, no, I don't understand that. But that's not the objection to the problem. The problem is perhaps explaining or going to the discussion of the judge of the new details of the new case, which I believe is what Judge Lippert is referring to. Because an objection, obviously, if I object or don't object, what that does is change the standard at this level, at the appeal level. But the issue is not that. It's whether, because that would be a matter of what standard we're going to use at this level. But there are two issues which I really want to get into it, which is a video and the compliments by the judge to the reasonableness of the sentence, if I may permit it. And I will be quickly. The reasonableness of the sentence to us was established by the guideline. And all the factors, all the generic factors that the judge mentioned are contemplated in the guidelines. And we believe that he was extremely generic in his description of what was going on. When we ask for the reconsideration, what he does is go into the details of the discovery of this new case. It wasn't even that he went to the allegations. It was into the discovery and the affidavit of this new case, which obviously we believe that he shouldn't have gone into. And what happened was the adequacy of the sentence was that he finally gave the gentleman the same sentence that he, that the guidelines portrayed for, for the new criminal conduct. When we verify a category three level, there is a. Thank you. Thank you. Good morning, Your Honor. May it please the court. Thomas Comper on behalf of the United States. In this case, it's the government's position that the court did not err. If you look at the record, the defendant had all this evidence. Actually, before the court, before the hearing was proceeded, the defendant had filed a motion for a continuance request because he wanted to review the discovery. An abundance of caution, what did the court do? If you look at Docket Entry 3500, in order that the court, that the probation officer give all the evidence that it had regarding this case to the defendant for its review. So the defendant had, in this case, everything possible, including criminal complaint. My understanding, video. He even acknowledged that he had seen the video and everything else. So, in this case, what do we. Yes. Did the defendant have available the judge's pronouncement that there was a second assailant possibly involved and that a mask had been removed before he entered? Well, they knew about the mask for sure because the mask was shown. It was actually part of the criminal complaint. If you read the criminal complaint, the affidavit that's attached in which the probation officer cited to the criminal complaint in its motion to the court. Well, that's right, but the probation officer didn't go into it. It gave the court a docket number, but it didn't go into any of the details of that new criminal conduct. Isn't that true? No. All it did say was based on criminal complaint, he had violent conditions. So, where did the court get all that detail? Did it reach out itself having now known what the docket number was? Did it ask probation to get all that detail and give it to him? How did the court get all that detail? Do you know? My understanding is from the judge when you notice the judge stated the probation officer and he reviewed what looks like the video. He even stated that at the second hearing. And how would defense counsel know coming into this, what's really a sentencing proceeding, how would the defendant have known that the judge has now reviewed all that material? Well, because your Honor, if you look under 18 U.S.C. 3603, I mean the judge, the probation officer is supposed to provide the conduct to the judge. So, the statute requires the probation officer to describe and inform the conduct what was involved for the supervised release violation. So, he and as advisor, he is aware to the judge he is informed of and probably provided the evidence regarding what had happened in this case. And here the defendant had it. Where is the error? The defendant had all this evidence to begin with. It had the criminal complaint, which was even broader than let's say what the video was. And also had the video recording itself. Actually, in one of the motions for continuance of the revocation hearing, counsel, it was a different counsel at the moment and it was changed to Armateros, had requested a continuance because it was reviewing the evidence in the case with the defendant. Wanted to review the discovery of the case. So, it had all available facts. So, you can't say it's new facts. The defendant should not have been surprised in this case. All this evidence was on the record. So, based either on a criminal complaint or if you look at the video and things, there is showing what had happened. What the arrest and what had happened and the struggle. And that's clearly stated in the criminal complaint in this case. And about the mask and everything else. So, my understanding is counsel and the defendant, and here it even states, counsel stated at the beginning of the proceeding that one, yes, he admits. Now, and it's true, the police officer was present. The government was ready to proceed with the evidence. And what did the court ask the defendant? Are you challenging the evidence that is in this case? And the defendant specifically stated no. So, he was aware of the evidence that was in this case. So, based on that, where was there any error? No. Anyway, in this case, but you also have to look at what did the court rely on. It relied on, this is not his first time before the court. In this case, he had a previous firearm, and that's what the court stressed on. If you look, this defendant and what he even stated, within one year after being released, he was already possessing a firearm again. What was he previously convicted of that resulted in the supervised release condition? Firearms and drugs. What was he caught again now? Firearms and using or possessing drugs again. Plus, he also stated this was not the only time. This was actually his fourth time possessing weapons. He had two previous, in the state court, weapons violations. One of them was a firearm. And if you look at the PSR, the amended PSR for this defendant, which relates to the 2007 case, it shows those two prior convictions which the defendant knows about. So, therefore, what the court relied on was he was unable to comply with this condition, which applied with the condition as well as the law, because this was his fourth time, Your Honor. And that is what the court relied upon. This, when the counsel brought up that he was confused or he caught him off guard, his question was to the effect of, if you look at it, he was just trying to figure out, if I may cite to the record, so it's due because he cannot comply with no conditions that he cannot comply with any conditions. The judge says, no, that's not what it is. Then the counsel here stated the defendant was not able to follow the structure and the directions of supervision. No, that is where the judge goes into then throwing out just generally, okay, this was another crime. And that's what it was focusing on. They had decided, looked at it, he was involved again with a firearm. And that's what the court focused on, this being his fourth time. Any other questions? Yes, I do have a question, counsel. I'm looking at the government's motion notifying violations of conditions of request for the issuance of a warrant order to show cause hearing. There's this very general allegation about the violation of a specific statutory provision, prohibiting a person in possession of a firearm and ammunition. And it then simply restates the elements of the offense with the additional detail that the possession involved a with a certain serial number. Correct. The motion does not provide any information about the details of the offense, where the possession took place, the fact that there was an armed robbery here. Is it your position that defense counsel should come to the probationary revocation hearing being prepared to sort of the circumstances of this offense weren't really all that bad? Should it come there trying to minimize by going into all the details of the offense what the culpability of his client was? Is that your position? Could you keep saying defense counsel knew what had happened and defense counsel should have been prepared to argue all the details of the offense, even though this motion doesn't go into any of those details at all? Well, it does inform that filed under the criminal complaint number, so it was aware of the criminal complaint number. But all these details that the video discloses, where the attempted armed robbery took place, the presence of a female cashier, the presence of an outsider, the use of a mask, none of that is set forth here. But it's your position, I gather, that defense counsel should have, since he knew all those details, he should have been prepared to argue all of those details in trying to mitigate the sentence. Is that your position? Well, I think in this case, you have to first, you have to step back before you can answer that question because I can answer that question. Because you have to look at what the court actually relied on, was that he possessed a firearm, this was his fourth time, and everything else. This was in response to defense counsel's question where he improperly thought what the court was implying, and the court said, no, I'm not implying that. So it doesn't, what the court didn't rely on that he had a mask and this and that, it relied on the firearms and this was his fourth violation and everything else. But why in response to defense counsel probing, why did the judge go into all of this detail? Why would the judge go into all of that if it didn't matter to him in deciding to impose the sentence that he did? Because he was answering a question that counsel was misunderstanding what was, it was a misunderstanding by counsel. I think what my understanding was, he was saying he believes that no conditions can be followed. The court said, that's what I'm intimidating. Then he goes, I understand the defendant was not able to follow the structure and the direction of supervision. And there he goes, no, he followed them almost for a year until he committed another crime. And therefore, that's what his main focus until he committed another crime, which was here, being a felon in possession of a firearm. Then it just went, as part of the evidence, you have a video. It's just going into just saying what he focused on was just another crime, which was here, felon in possession of a firearm. Well, with all due respect, counsel, the court goes into granular detail when pushed by counsel as to why the sentence was imposed. He goes into all this detail. He doesn't just say, well, he committed another similar offense. He emphasizes the circumstances of this offense, and that seemed to matter a lot to the judge in deciding to impose the sentence that he did. If I may answer, you also have to look. In this case, what you can look at is seriousness of the offense. The seriousness of the offense relates then all these factors, and the defense counsel should have been aware of that. If you look under Chapter 7, Part A, 3B, what you can look at is also seriousness of the offense. What is part of the seriousness of the offense? The facts potentially related to what occurred in the offense. So that's with the government's position. Thank you, Your Honor. Thank you, Your Honor.